UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**LESLEY VOWELS et al.**                                                                                         **PLAINTIFFS**

**v.**                                                                                   **CIVIL ACTION NO. 3:24-cv-663-BJB**

**THE STATE OF KENTUCKY OFFICE OF CLAIMS AND APPEALS**          **DEFENDANT**

**MEMORANDUM**

Plaintiffs Lesley Vowels and LLC Consulting filed this *pro se* civil action against the State of Kentucky Office of Claims and Appeals.[1] When Vowels filed this lawsuit, she took on the responsibility of keeping this Court advised of her current address and actively litigating her claims. *See* Local Rule 5.3(e) ("All pro se litigants must provide written notice of a change of residential address . . . to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions.").

On January 10, 2025, an Order sent to Vowels at her address of record was returned to the Court by the United States Postal Service with the envelope marked "Return to Sender; Moved Left No Address; Unable to Forward" (DN 5). Plaintiff apparently no longer resides at her address of record, and she has not advised the Court of a subsequent change of address.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules,

---

[1] LLC Consulting lists the same address as Vowels. It is not registered with the Kentucky Secretary of State. Nothing indicates it exists as an LLC or any other juridical entity distinct from Vowels herself.

the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *Id.* at 110. "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Because Plaintiff has failed to comply with this Court's Local Rules by failing to provide written notice of a change of address, the Court concludes that this case should be dismissed for lack of prosecution. *See, e.g.*, *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) ("[Plaintiff's] complaint was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address.").

The Court will enter a separate Order dismissing the action without prejudice consistent with this Memorandum.

Date:

cc: Plaintiff, *pro se*
B213.009